### 3074. PERTEET *v.* FRICKS.

"Liens for taxes due the State or any county thereof, or municipal corporation therein, shall cover the property of taxpayers liable to tax, from the time fixed by law for valuation of the same in each year until such taxes are paid." Civil Code (1910), § 3333. It follows that the owner of property on the day when the State authorities annually fix the time for the valuation of property for State and county taxes is liable for the municipal tax for that year, and is therefore the proper person against whom a tax execution should be issued.

DECIDED AUGUST 4, 1911. REHEARING DENIED SEPTEMBER 11, 1911.

Certiorari; from Stephens superior court—Judge Kimsey. November 11, 1910.

*R. C. Ramey,* for plaintiff.

*Fermor Barrett,* for defendant.

HILL, C. J. On April 9, 1909, A. L. Fricks conveyed to Mrs. G. B. Perteet a house and lot in the city of Toccoa. In June, 1909, the city assessors assessed the realty in that city for taxation, and the tax was levied by ordinance in September, 1909. The property conveyed by Fricks to Mrs. Perteet was assessed for taxation as the property of A. L. Fricks, and, Fricks refusing to pay the tax, Mrs. Perteet paid the tax fi. fa. and had it duly transferred to herself, and then had it levied on property of Fricks; whereupon he filed an affidavit of illegality. The justice of the peace decided the question in favor of Mrs. Perteet; and Fricks, by certiorari, took the case to the superior court; the certiorari was sustained, and, only a question of law being involved, a final judgment was entered, sustaining the affidavit of illegality filed by Fricks; whereupon Mrs. Perteet sued out a writ of error to this court.

It will be seen that the only question to be decided is, when did the lien for municipal taxes for 1909 attach to this real estate? If it attached before the property was bought, Fricks should pay the taxes. If the lien for taxes attached subsequently to the conveyance of the property to Mrs. Perteet, she ought to pay the taxes, and the court properly entered a final judgment sustaining the illegality.

In the year 1874 the City of Toccoa was organized under a charter granted by the superior court of Habersham county, which embraced a provision of the act of 1872, embodied in the Code of 1873, § 791 (Political Code of 1895, § 704), as to towns so incorporated, that the lien for municipal taxes attaches on realty "from the time the same are assessed or imposed." In 1897 the charter granted by the legislature took the place of the old charter granted by the superior court, and made nugatory any provisions of the former charter, including the code section referred to. *Walker* v. *McNelly,* 121 *Ga.* 114 (48 S. E. 718). Therefore, the contention of counsel for defendant in error that the question made is controlled by that code section is unsound.

It is insisted by learned counsel for the plaintiff in error that as it is not provided in the act of incorporation, or in any city ordinance passed in pursuance thereof, when the lien for municipal taxes shall attach, the question is governed by the general law of the State; and it is agreed that for the year 1909, March 31 was the day fixed by the State authorities as the day for the making of returns of property for the purpose of State and county taxation for that year. We are inclined to think that without reference to whether any provision on the subject was made in the act of incorporation or by ordinance or not, the general law on that subject does control. It is desirable that there should be uniformity on this question, and that the liens for State, county, and municipal taxes throughout the entire State should attach on the same day, and this uniformity seems to be the statutory purpose. Section 3333 of the Civil Code (1910) fixes the rank of liens for taxes as follows: "Liens for taxes due the State or any county thereof, or *municipal corporation therein,* shall cover the property of taxpayers liable to tax, from the time fixed by law for valuation of the same in each year until such taxes are paid," etc. This law is general in its terms, and in our opinion applies to all municipalities as well as to the State and counties, and fixes the date when the liens for taxes

shall attach as the same for State, county, and municipal taxes. This seems to be the view entertained by the authorities of the City of Toccoa on the subject, it being agreed that the uniform custom of the city authorities has been to assess realty taxes on the date set by the State authorities for making the return of property for taxes for State and county purposes; but such we think is the law on the subject regardless of any custom. It being agreed that March 31, 1909, was the day fixed by the State authorities as the day for the making of returns of property for the purpose of State and county taxation for that year, it follows that the lien for the taxes for that year attached on all realty on that date, whether the taxes were State, county, or municipal taxes, and the owners of realty on that date were the proper persons to pay the taxes, and against them tax executions were properly issued; and it being admitted that on that date the property conveyed by Fricks to Mrs. Perteet on April 9 was owned by the former, the tax execution was properly issued against him. The lien for taxes attached to his property, and his subsequent conveyance did not divest this lien; and we conclude that the court erred in entering up a final judgment in favor of Fricks, and that, on the contrary, the final judgment should have been in favor of Mrs. Perteet.

*Judgment reversed.*