### 13152. SOUTHEASTERN MUTUAL FIRE INSURANCE COMPANY *v.* WILLIAMS.

JENKINS, P. J. 1. " Questions argued in the brief of counsel for plaintiff in error as grounds of reversal, but not appearing to have been made or passed on in the court below, will not be decided." *Braham* v. *Weems,* 129 *Ga.* 704 (3) (59 S. E. 803); *Gabbett* v. *Atlanta,* 137 *Ga.* 180 (73 S. E. 372); *Weinman* v. *Womack,* 27 *Ga. App.* 502 (109 S. E. 177). The record in this case fails to disclose any attack by the insurance company upon the validity of the policy sued on by the plaintiff, or any evidence thereon, and therefore this question, raised only in the brief, cannot be considered.

2. The policy of insurance being silent as to the location of the goods, for the destruction of which the suit was brought, and the evidence being in conflict as to the alleged false representations by the insured to the company prior to the issue of the policy with reference to such location, and a verdict not being demanded for the company, there was no abuse of discretion by the superior court judge in overruling its certiorari.

3. Where a paragraph in a petition for certiorari sets forth certain facts as to the proceedings and evidence in the trial, and alleges that the verdict was contrary to law and the evidence, the mere adoption by the trial judge in his answer of " the allegations of fact contained in " such paragraph cannot be taken as an admission of the alleged error;

the general rule as well as the express language here limiting such an adoption by the trial judge of a paragraph in a certiorari petition merely to the facts set forth, and not including the conclusions of law or contentions of error.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 22, 1922.

Certiorari; from Fulton superior court — Judge Pendleton. November 7, 1921.

*W. D. Mills, Chappell & Ray,* for plaintiff in error.

*Virlyn B. Moore, Frank C. Tindall,* contra.