## HILL et al. v. GRISSOM, Collector of Internal Revenue.

(District Court, E. D. North Carolina. May 10, 1924.)

No. 1054.

1. **Internal revenue ⬅➡8—"Succession tax" imposed by Revenue Act a tax on transfer, and not on property.**

The estate or "succession tax" imposed by Revenue Act 1918, § 403 (Comp. St. Ann. Supp. 1919, § 6336¾d), is not a tax on the property of the decedent, but is a tax imposed on the transfer of the net estate.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Succession Tax.]

2. **Internal revenue ⬅➡8—State may fix time and principle or method by which estate tax imposed by Revenue Act is to be ascertained.**

The state may fix the time and the principle or method by which the estate or succession tax imposed by Revenue Act 1918, § 403 (Comp. St. Ann. Supp. 1919, § 6336¾d), is to be ascertained.

3. **Internal revenue ⬅➡8—State personal property tax paid by executors held not "administration expense" within Revenue Act.**

Personal property tax assessed against decedent's estate and paid by executors, under Machinery Act N. C. 1921, § 30, during the time he is in possession of the estate, under C. S. N. C. §§ 101, 105, 109, *held* not an "administration expense," within Revenue Act 1918, § 403 (Comp. St. Ann. Supp. 1919, § 6336¾d), to be deducted from appraised value of estate on ascertainment of estate or succession tax.

4. **Statutes ⬅➡219—Construction put on federal statutes by departments have effect of law, if not in conflict with statutes.**

The construction put on federal statutes by the departments having their administration in charge, by regulations adopted for their administration, though not conclusive on the court, have the force and effect of law, if not in conflict with express statutory provisions.

At Law. Action by John Sprunt Hill and Jones Fuller, executors of George W. Watts, deceased, against Gilliam Grissom, individually and as Collector of Internal Revenue for the Eastern District of North Carolina, to recover internal revenue taxes alleged to have been demanded and paid without legal liability therefor. Demurrer to complaint sustained.

Pou, Bailey & Pou, of Raleigh, N. C., and Wm. W. Sledge, of Durham, N. C., for plaintiffs.

Irvine B. Tucker, U. S. Atty., of Whiteville, N. C., for defendant.

CONNOR, District Judge. Plaintiffs allege: That George W. Watts, lately a citizen and resident of the city and county of Durham, N. C., died on the 7th day of March, 1921, leaving a last will and testament, wherein he nominated and appointed plaintiffs executors thereto. That said will was duly admitted to probate in the appropriate court of said city and county, and plaintiffs duly qualified as executors and entered upon administering according to the provisions of said will, and executing the trusts imposed upon them thereby, the personal estate and property of their testator. That among other duties imposed upon them as such executors was the duty of paying to the United States government, after the appraisal of the value of said estate, as provided by the

Revenue Act of 1918 (40 Stat. 1057) the estate or succession tax imposed upon said estate by the laws of the United States. That in order to arrive at the amount of said tax, for which the estate of their testator was liable, it was necessary to appraise and fix the net value of said estate at the date of the death of their testator.

Plaintiffs had several conferences with the duly authorized officers of the government, upon whom was imposed the duty of making appraisal of said estate, as the basis for fixing the amount of tax due thereon. The net value of the estate was appraised, without controversy, except as to one item, to wit: The amount of tax which was assessed against the personal estate of their testator, in the possession of plaintiffs, by the county and city of Durham, under and pursuant to the provisions of the revenue laws of the state of North Carolina, for the year 1921, amounting to $105,110.64, which plaintiffs were required to pay, and which they did pay, on the 28th day of November, 1921. As required by the revenue laws of North Carolina, said personal property was listed for taxation by plaintiffs in said city on May 1, 1921, and the tax thereon levied or assessed as provided by the laws of North Carolina. The county tax thereon was levied or assessed on September 7, 1921, and such tax so assessed and levied became a lien or charge upon the personal property in the possession of plaintiffs, having priority over and in preference to the claims of creditors, devisees, or distributees of said estate. Plaintiffs were required by the laws of North Carolina to list, as of January 1, 1921, a complete itemized list of debts owing by their testator January 1, 1921, for the purpose of deducting against such debts solvent credits, all as of January 1, 1921. Public Laws of North Carolina 1921, c. 38, § 40. The taxes levied upon said personal property were the personal liability of their testator as of January 1, 1921, and upon his death a charge upon the whole of his estate in the possession of his executors.

Plaintiffs contended before the officers of the United States, and now contend: That this sum of money, to wit, $105,110.64, was an item which should be deducted from the appraised value of said estate before the net value of same was fixed and appraised, or that in any event the said $105,110.64 was a liability of their testator, or of his estate, or a claim or charge thereon, or expense thereof of the administration which plaintiffs, as executors, were required to pay before making distribution thereof, or pay any legacies to the legatees named in the will of their testator. That during the month of June, 1922, plaintiffs, as executors, with their attorneys, applied to the Treasury Department at Washington for a reduction in the assessment of the value of said personal estate to the amount of $105,110.64, paid as tax to the city and county of Durham, as hereinbefore alleged, and a consequent reduction of the estate, or succession tax, which plaintiffs were required to pay to the United States. That a hearing was granted by the estate tax unit of the Estate Tax Division of the Treasury Department of the United States. That said Estate Tax Division, regarding itself as bound by the regulations of the Treasury Department, refused to reduce the assessed or appraised value of said estate, on account of the payment by plaintiffs of said tax to the city and county of Dur-

ham, or to abate any part of said tax paid as aforesaid. Plaintiffs were notified thereof and required to pay the estate tax assessed against said estate, including the tax on said sum of $105,110.64.

In obedience to the demand of defendant collector of internal revenue for the Eastern district of North Carolina, and under compulsion of the threatened enforcement of said tax by distraint and process, with the penalties incident thereto, plaintiffs on, or thereafter on, the 1st day of September, 1922, paid to the defendant the balance of the full amount of the estate tax upon the estate of their testator, including the sum of $26,277.66, being the amount of tax imposed upon and attributed to the sum of $105,110.64, paid to the county and city of Durham, N. C., upon the personal property of the estate of their testator, as hereinbefore set forth. Said amount of $26,277.66 was paid to defendant by plaintiffs as executors, under protest, and the sum was accepted by defendant with notice of the claim that said payment was made under protest, etc. Plaintiffs advised defendant, at the time of making such payment, that they would, in the appropriate way, contest their liability for said amount as instituting an action to recover said amount of $26,277.66, demanded and paid as aforesaid. The appraised value of the estate of said George W. Watts was such that the sum of $105,110.64, if it was a part of the net value of said estate, was subject to, and liable for, tax at the rate of 25 per cent. If said amount shall be allowed as a deduction, and it shall be deducted before the net value of said estate is ascertained and fixed, the amount of estate tax overpaid to the United States would be 25 per cent., or the sum of $26,277.66.

Claim for abatement or refund of said amount was duly filed and presented to the Commissioner, and upon hearing had before the estate tax unit, and the same was rejected by the Commissioner. Plaintiffs have therefore exhausted their remedy in the Treasury Department of the United States, and have complied with all of the preliminary requirements of section 1318 of the Revenue Act of 1921. More than six months elapsed from the date of filing the claim with the Commissioner, and more than six months have elapsed since the Commissioner disallowed or rejected said claim. The action is brought under and pursuant to the act permitting such action, etc. Defendant demurred to the complaint. The case was submitted to the court upon the complaint and demurrer.

It is conceded that the sole question presented upon the pleadings is whether, under the provisions of section 403 of the Revenue Act of 1918 (40 Stat. 1057 [Comp. St. Ann. Supp. 1919, § 6336¾d]), the tax paid by the plaintiffs on the value of the personal estate of their testator to the city and county of Durham for the year 1921, required by the Revenue Law of North Carolina, of 1921, as of May 1, 1921, may be deducted from the appraised value of the estate made as provided by the Revenue Act of 1918. This question is narrowed to the question whether such tax comes within the meaning of the words "administration expenses or claims against the estate." The defendant contends that the ad valorem tax assessed against the property of the testator in the possession of the executors as of May 1, 1921, did not

constitute "a claim against the estate," the testator having died March 7, 1921, and the value of the estate, as the basis for assessing the "estate tax," being fixed as of that date, from which certain specified deductions may be made.

[1] It is abundantly settled by decisions of the Supreme Court that the estate or succession tax imposed by the Revenue Act is not a tax upon the property of the decedent, but is a tax imposed upon the transfer of the net estate of every decedent, graduated according to the value, as ascertained by deducting, in the case of a resident, from the value of the estate, fixed at the date of his death, "funeral expenses, claims against the estate, and administration expenses." New York Trust Co. v. Eisner, 256 U. S. 345, 41 Sup. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660; Greiner v. Lewellyn, 258 U. S. 384, 42 Sup. Ct. 324, 66 L. Ed. 676. It is true, as suggested by plaintiffs, that by the provisions of the statute of North Carolina the executor is required, to enable all persons having claims against the estate, to present them within a reasonable time, fixed by the statute at one year, to retain the estate in his possession during that period. Consolidated Statutes, §§ 101, 105, and 109. It is also true that the executor is required by the revenue law of the state to list the property of the estate in his possession for taxation and to pay the tax assessed upon it. Section 30. Machinery Act of 1921 (Pub. Laws N. C. 1921, c. 38). It is also true that, in his final settlement, the executor is entitled to deduct the amount of tax so paid by him as his other expenses lawfully incurred in the administration of the estate.

These propositions are all abundantly sustained by the authorities cited by plaintiff's counsel and decided cases in this and other states. It is held by the Supreme Court of this state that expenses incident to the administration of the estate of a deceased person are not debts or claims against the decedent, but are the personal liabilities of the executor, which are allowed him as disbursement for the expenses of administration of the estate. In Knowlton v. Moore, 178 U. S. 44, 48, 20 Sup. Ct. 747, 753 (44 L. Ed. 969), Mr. Justice White reviews the history of "death duties," and "estate taxes" in this and other countries. He thus concludes the discussion of the subject:

"Although different modes of assessing such duties prevail, and although they have different accidental names, such as probate duties, stamp duties, taxes on the transaction, or the act of passing of an estate or a succession, legacy taxes, estate taxes, or privilege taxes, nevertheless tax laws of this nature in all countries rest in their essence upon the principle that death is the generating source from which the particular taxing power takes its being, and that it is the power to transmit, or the transmission from the dead to the living, on which such taxes are more immediately rested."

In United States v. Perkins, 163 U. S. 625, 16 Sup. Ct. 1073, 41 L. Ed. 287, it is said:

"If it be true that the right of testamentary disposition is purely statutory, the state has a right to require a contribution to the public treasury before the bequest shall take effect. Thus the tax is not upon the property, in the ordinary sense of the term, but upon the right to dispose of it, and it is not until it has yielded its contribution to the state that it becomes the property of the legatee."

[2] From this postulate, which is not now a subject of debate, it logically follows that the state may fix both the time and principle, or method, by which the tax is to be ascertained. The act of 1918 does this by directing the executor to make a return of the gross value of his testator's estate to the designated officer, with such information as will enable him to ascertain and fix the net value of the estate as of the date of the death of his testator, and this amount, when ascertained by making the specified deductions, becomes the basis upon which the tax is assessed. From this amount, among other specified items, the executor is directed to deduct "administration expenses and claims against the estate."

[3] It would seem clear that the ad valorem tax paid by the executors to the county and city of Durham do not come within the term "administration expenses," nor are such taxes claims against the estate, at the date of the death of the testator, prior to the date at which such taxes are assessed and levied. Claims against the estate, as defined by a number of cases cited by counsel for defendant, are such demands or claims of a pecuniary nature which could have been enforced against the decedent during his life.

[4] While not conclusive upon the court, the construction put upon federal statutes by the departments having their administration in charge, by making regulations "adopted for their administration," have the force and effect of law, if they be not in conflict with express statutory provisions. Maryland Casualty Co. v. United States, 251 U. S. 342, 40 Sup. Ct. 155, 64 L. Ed. 297, "article 45, Regulation 37 of 1921, regarding deductions, is persuasive." "Claims against the estate. The amounts that may be deducted under this heading are such only as represent personal obligations of the decedent existing at the time of his death, whether matured or not. Other obligations are not deductible. Only such claims as are actually enforceable against the estate may be deducted."

While I do not accept portions of the argument found in the well-considered brief of defendant's counsel, as formulated by them, especially that portion which places upon the plaintiffs, to the extent claimed, the burden of maintaining their contention, I am constrained, in the light of the current of decisions bearing upon the question, to hold that plaintiff cannot maintain this action.

The demurrer is sustained. Judgment will be entered accordingly.