APPEAL OF CHARLES B. SHELTON, ET AL., EXECUTORS, ESTATE OF LUTHER Z. ROSSER.

Docket No. 2161. Submitted July 14, 1925. Decided February 17, 1926.

> Taxes which are a lien against the estate of a person at the date of his decease in 1923 are "claims against the estate" within the meaning of section 403 (a) (1) of the Revenue Act of 1921.

*Charles B. Shelton, Esq.*, for the taxpayer.
*R. E. Copes, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in estate tax in the amount of $2,773.80. The issues in the appeal are whether certain local property taxes, in the amount of $6,877.39 paid to the City of Atlanta and $4,494.48 paid to the State of Georgia, were a claim against the estate of the decedent at the time of his death and deductible in determining the value of the estate at the time of the decedent's death; and whether a certain bequest of a law library valued at $4,800 and given in lieu of executors' commissions was properly deductible in determining the value of the net estate.

### FINDINGS OF FACT.

Luther Z. Rosser died March 13, 1923, a resident of Atlanta, Ga. The executors made a return for Federal estate taxes, and the value of the gross estate has been agreed between the executors and the Commissioner. The executors deducted from the value of the gross estate taxes paid to the City of Atlanta in the amount of $6,877.39 and taxes paid to the State of Georgia in the amount of $4,494.48, a total of $11,371.87. These taxes were assessed upon the basis of returns made by the executors to the taxing authorities of Georgia of the value of the real and personal property which belonged to the decedent on January 1, 1923, as to State and county taxes, and on January 31, 1923, as to taxes to the City of Atlanta.

The decedent died before his return of real and personal property for taxation in Atlanta and in the State of Georgia had been made

for the year 1923, and during the calendar year 1923, after the death of the decedent, the return was made and the tax assessed against and paid by his executors.

The executors in the return for estate taxes deducted $4,800 as executors' commissions. The Commissioner disallowed the deduction for taxes in part and now contests it all, and disallowed the deduction for commissions.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 15 days' notice, in accordance with Rule 50.

### OPINION.

SMITH: This appeal was submitted on petition and answer, and only the facts admitted in the answer may be taken as true for the purpose of this decision. The executors alleged that the decedent left to them his law library, valued in the estate-tax proceedings at $4,800, and that they accepted the same in lieu of commissions. These allegations of the petition are denied in the answer, and no evidence having been submitted by the taxpayer, the determination of the Commissioner in this respect must be upheld.

The major point in the appeal is whether certain taxes, in a total amount of $11,371.87, may be deducted in determining the net value of the estate of the decedent. A portion of the above amount appears to have been allowed by the Commissioner in the original determination, and in his answer he now denies that this allowance was proper. The amounts appear not to be in dispute, and only the principle is involved.

The taxpayer contends that the taxes paid by the executors, upon returns made by them to the State of Georgia and the City of Atlanta, constitute " administration expenses " or " claims against the estate," and are allowable as deductions under section 403 (a) (1) of the Revenue Act of 1921, which section provides for the deduction from the gross estate of a decedent in the determination of the net estate of the following:

(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property (except, in the case of a resident decedent, where such property is not situated in the United States), losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, or from theft, when such losses are not compensated for by insurance or otherwise, and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or with-

out the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes.

In the case of *Gledney* v. *Deavors*, 8 Ga. 479, the Supreme Court of the State of Georgia held:

Taxes due to the State are a general lien upon all the property of the debtor, attaching on the first of January in each year.

The facts in that case are that in April, 1841, certain property was sold under a general judgment. Thereafter a writ of *fi. fa.* was issued for 1841 taxes against the person who owned the property at the time of and prior to the foregoing sale, and the property was sold under that judgment. The Supreme Court held that the sale under the tax execution took priority over the sale under the common-law execution, because the tax lien dated from January 1, and bound all the property, both real and personal, from that time.

The tax lien is by express provision of law prior to all other liens and liabilities. "Taxes shall be paid before any other debt, lien, or claim whatsoever, and the property returned or held at the time of giving in, or after, is always subject." Civil Code of Georgia, 1910, section 1140. "Liens for taxes due the State or any county thereof, or municipal corporation therein, shall cover the property of taxpayers liable to tax, from the time fixed by law for valuation of the same in each year until such taxes are paid * * *." *Id.*, section 3333. Taxes are expressly recognized as a debt of the decedent entitled to priority of payment over judgments, mortgages, and other liens created during the lifetime of the deceased. *Id.*, section 4000.

In the case of *Perteet* v. *Fricks*, 9 Ga. App. 637; 71 S. E. 1121, the issue before the Court of Appeals of Georgia was whether Fricks was liable for municipal taxes for the year 1909 on certain land which he conveyed to the plaintiff on April 9 of that year. In that year March 31, 1909, was the day fixed by the State authorities as the day as of which valuations of property should be made for the making of returns for the purpose of State and county taxation. During the course of its opinion the court stated:

* * * It follows that the lien for taxes for that year [1909] attached on all realty on that date [March 31, 1909], whether the taxes were state, county, or municipal taxes, and the owners of realty on that date were the proper persons to pay the taxes against whom tax executions were properly issued.

That decision is authority for the statement that the owner of property on the day when the State authorities annually fixed the time for the valuation of property for State and county taxes is liable for the municipal tax for that year, and is therefore the proper person against whom a tax execution should be issued.

In the instant appeal the date fixed by the State authorities for the valuation of property for the taxes payable during the calendar year 1923 was January 1, 1923, as to State and county taxes, and January 31, 1923, as to taxes due the City of Atlanta. There can be no question that a lien for the payment of these taxes attached upon the property of the decedent as of those respective dates, both of which were prior to the decedent's decease, March 13, 1923.

We do not think that there is ground for a contention that the taxes paid by the executors of the decedent during the year 1923 were "administration expenses" within the meaning of section 403 (a) (1) of the Revenue Act of 1921. It remains to be considered whether such taxes were "claims against the estate" within the meaning of the subdivision of section 403 of the Revenue Act of 1921, referred to above.

The point of law in this matter has been before the United States district courts in two recent decisions. *Hill* v. *Grissom*, 299 Fed. 641, and *Thompson* v. *United States*, 8 Fed. (2d) 175. The two decisions are in direct conflict. In the *Grissom* case the decedent died March 7, 1921, and his executors thereafter made a return of his personal estate to the authorities of the State and of the County of Durham, N. C., for the year 1921, and on November 28 they paid a tax amounting to $105,110.64, which they claimed as a deduction in determining the net value of the estate of the decedent in connection with the determination of the amount of estate tax due thereon. Under North Carolina law the tax upon the personal estate of the decedent carried a lien from and after July 21, 1921. The court held that the tax under consideration was not a claim against the estate or an administration expense, and in so holding said (p. 645):

It would seem clear that the ad valorem tax paid by the executors to the county and city of Durham do not come within the term "administration expenses," nor are such taxes claims against the estate, at the date of the death of the testator, prior to the date at which such taxes are assessed and levied. Claims against the estate, as defined by a number of cases cited by counsel for defendant, are such demands or claims of a pecuniary nature which could have been enforced against the decedent during his life.

While not conclusive upon the court, the construction put upon federal statutes by the departments having their administration in charge, by making regulations "adopted for their administration," have the force and effect of law, if they be not in conflict with express statutory provisions. *Maryland Casualty Co.* v. *United States*, 251 U. S. 342, 40 Sup. Ct. 155, 64 L. Ed. 297, "article 45, Regulation 37 of 1921, regarding deductions, is persuasive." "Claims against the estate. The amounts that may be deducted under this heading are such only as represent personal obligations of the decedent existing at the time of his death, whether matured or not. Other obligations are not deductible. Only such claims as are actually enforceable against the estate may be deducted."

In *Thompson* v. *United States*, *supra*, the decedent died May 1, 1919, on which date, under Minnesota law, liens for taxes for the current year attached. In the return of estate tax the administrators claimed the deduction on account of taxes paid of $42,111.73. At the time of the death of the decedent taxes for the year 1918, amounting to $12,925.54, had not been paid, and taxes for the year 1919 were thereafter assessed in the amount of $45,144.14, the latter taxes being payable January 1, 1920. The Commissioner apparently allowed the deduction of all of the unpaid taxes assessed against the decedent prior to his death and a portion of the tax for the year 1919. The court points out that taxes, under Minnesota law, attach as a lien as of May 1 of each year, without regard to the date when such taxes are assessed or are due and payable, and holds that the entire amount above set forth constituted a claim against the estate, in the following language:

I have concluded that, notwithstanding the regulation of the Internal Revenue Department, this tax was a legal claim against the estate and should have been deducted. I understand that the Revenue Department have reversed their former holding and now allow such taxes as deductions.

The estate tax is an excise tax imposed upon the transfer of the " net " estate of a decedent. In the determination of the net estate there are allowed deductions referred to in section 403 (a) (1) of the Revenue Act of 1921, above quoted. An inspection of this section shows that Congress has permitted the deduction from the gross estate of all amounts which may be taken out of the property left by the decedent in the liquidation of his liabilities, with the exception of liabilities for estate, succession, legacy, or inheritance taxes. The statute goes further and permits the deduction of funeral expenses, administration expenses, losses incurred during the settlement of the estate, and amounts reasonably required and actually expended for the support, during the settlement of the estate, of those dependent upon the decedent. The intention of Congress upon this point is clear. The estate tax is imposed upon only such portion of the corpus of the estate as passes to heirs or legatees freed from all claims whatsoever, with the single exception of claims for estate, succession, legacy, or inheritance taxes. In the light of these facts the phrase " claims against the estate " should be liberally interpreted. Nothing is said as to when such claims shall be established. We think that it is immaterial when they are established. The time of payment may accrue after death as well as before. Congress has specifically disallowed the deduction of income taxes on income received after the death of the decedent, and has implied thereby that income taxes which may be assessed and collected upon income of the decedent prior to his death are a legal deduction from the gross estate, even

though the date for payment may not accrue until long after such date.

From the foregoing it will be noted that under the statutes of the State of Georgia, of which State the decedent was a resident at the date of his death, the general property taxes here in question were a lien upon the decedent's property from January 1, 1923. The statute created them a lien. By reason of the decedent's ownership of the property on such date the claim for the payment of the taxes arose, even though the amount thereof was not determined until a later date. In paying the taxes the executors simply paid off certain claims against the decedent's estate.

JAMES dissents.