OREON E. SCOTT, LOUIS R. McDERMOTT, AND GERTRUDE A. McDERMOTT, EXECUTORS AND TRUSTEES UNDER THE WILL OF PHILIP A. McDERMOTT, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42479. Promulgated January 12, 1931.

*Arthur E. Simpson, Esq.*, for the petitioners.
*John H. Pigg, Esq.*, for the respondent.

OPINION.

MARQUETTE: At the time of his death, Philip A. McDermott owned real estate located in Missouri of the value of $242,460. Against this real property there was a bona fide mortgage encumbrance amounting to $107,060.84. Under the Missouri statutes the real property was not subject to the expenses of administration of the estate; hence, it formed no part of McDermott's gross estate for Federal estate-tax purposes. *Crooks* v. *Harrelson*, 282 U. S. 55. The value of such realty, therefore, should be excluded in computing the estate tax.

Petitioners contend that the amount of the mortgage encumbrance, $107,060.84, should be deducted from the gross estate of the decedent under section 303 (a) (1) of the Revenue Act of 1924. They also insist that under the same statutory provisions there should be deducted from the gross estate: (1) the full amount of commissions which the State court allowed them as executors, including $10,862.17 allowed by reason of the sale of the Missouri real estate; and (2) the full amount of State and city taxes, aggregating $6,085.20, paid by them in 1925 on account of the Missouri real estate.

We can not agree with the petitioners respecting these contentions. The pertinent provisions of the Revenue Act of 1924, which is here effective, are as follows:

SEC. 301. (a) * * * a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 303) is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this Act, * * *

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as a part of his estate;

(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy.

\*     \*     \*     \*     \*     \*     \*

Sec. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property \* \* \* to the extent that such claims, mortgages, or indebtedness were incurred or contracted bona fide and for a fair consideration in money or money's worth.

In the section last quoted the word " property " is not qualified in express terms. In our opinion, however, it refers to and includes only such property of a decedent as may be subject to Federal estate taxes. Clearly, the purpose of sections 302 and 303 of the Revenue Act was to provide a method for determining the net amount of a decedent's estate which may be subject to the tax imposed by section 301 of the act. To accomplish such purpose, section 302 prescribes what shall be included in the gross estate. That having been determined, section 303 sets forth what may be deducted from such gross estate in order to fix the amount of the net taxable estate of the decedent.

A similar question of interpretation arose in *In re Chapman*, 166 U. S. 661, where the court dealt with a statute concerning one who was summoned " as a witness by either House to give testimony or produce papers, upon any matter under inquiry before either House." The court said, at page 667:

It is true that the reference is to " any " matter under inquiry, and so on, \* \* \* but nothing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention and, if possible, so as to avoid an unjust or absurd conclusion; and we think that the word " any " as used in these sections, refers to matters within the jurisdiction of the two Houses of Congress, before them for consideration and proper for their action.

Sections 302 and 303 of the Revenue Act of 1924 deal only with such property of a decedent as may, under the conditions prescribed, become subject to the Federal estate tax. They have no concern with any property not subject to such tax. Obviously, therefore, the words in those sections were used with reference to such taxable property, and to none other; and the deductions allowed in section 303 can only refer and apply to a gross estate as determined under

the provisions of section 302. A different interpretation, such as the petitioners are urging upon us, in our opinion would not be a sensible one, nor effective of the legislative intent. We hold, therefore, that the encumbrance against the real estate, which could not in any event be subject to Federal estate tax, was not a deductible mortgage upon property within the meaning of section 303. Cf. *Lewis* v. *Commissioner*, 47 Fed. (2d) 32.

Nor can the amount of the mortgage be deducted as a claim against the estate. The obligation to pay off the mortgage indebtedness was not created or assumed by the decedent, did not rest upon him, and could not have been made the foundation of a personal judgment against him during his lifetime or of a claim against his estate.

Respecting commissions allowed to petitioners by the State court on account of the sale of decedent's real estate in Missouri, it is self evident that, since the real estate was not subject to administration expenses any charge or expense incurred in selling such property can not be classified as an expense of administration under the controlling revenue act. Nor were the commissions in question claims against the decedent's estate within the meaning of the revenue act. In *Hill* v. *Grissom*, 299 Fed. 641, the court was passing upon a like question and defined the term "claims against the estate" as being "such demands or claims of a pecuniary nature, which could have been enforced against the decedent during his life." To the same effect are *Cyrus H. McCormick et al., Executors*, 13 B. T. A. 423; affd., 283 U. S. 784; and *Isabella N. Skinker et al., Executrices*, 13 B. T. A. 846. As the obligation to pay the commissions in question did not accrue during the decedent's lifetime, nor as a part of the administration of his estate, we hold that the amount of such commissions, $10,862.17, is not deductible from the gross estate for the purpose of Federal estate taxes.

As to the deduction of the amount of State and city taxes against decedent's real estate paid by petitioners, their argument is that all taxes are a lien upon the property of the owner from and after June first of the year in which levied; that the taxes in question constituted a lien on decedent's property at the time of his death and were, therefore, a claim against his estate.

We are not impressed by the argument. Section 9746 of the Missouri Statutes, cited by petitioners as creating a lien for taxes on June first, makes no mention of a lien at all. It does provide that whoever owns property on June first shall be liable for taxes thereon for the ensuing year. The record is silent as to the date when McDermott acquired the land in question. If it was subsequent to June 1, 1925, then under the statute relied upon by petitioners the tax liability rested not upon McDermott, but upon a predecessor in title. And it is well established that taxes do not become liens even

upon the property upon which they are assessed unless made so by statute. *Jefferson City* v. *Whipple*, 71 Mo. 519; *Heine* v. *Levee Commissioners*, 19 Wall. 655. The two decisions relied upon by the petitioners are both based upon the fact that the State taxes had become a lien against the estates of the respective decedents prior to the time of death. In the present proceeding no such fact is established.

The Missouri Revised Statutes of 1919, section 12803, declare that:

Each tract of land or lot shall be taxable with its own taxes, no matter who is the owner, nor in whose name it is assessed.

Other provisions are that when, on January first, land becomes delinquent for nonpayment of taxes, the collector shall bring suit for the amount and shall sell the land to satisfy the judgment for taxes. Sections 12928, 12944 and 12946. It is thus apparent that real estate taxes and the enforced collection thereof are, in Missouri, matters *in rem* rather than *in personan*, and such taxes fall within the same category as mortgages against the real estate, so far as concerns their deductibility under section 303 of the revenue act. Hence, in computing the net estate of the decedent the amount of the real estate taxes paid by the petitioners may not be deducted.

The next question is whether there should be included in decedent's gross estate the net value of the interest which the widow would have received as dower had she elected to take under the State statutes. Those statutes, so far as here pertinent, provided as follows:

SEC. 315. DOWER IN REAL ESTATE—Every widow shall be endowed of the third part of all the lands whereof her husband * * * was seized of an estate of inheritance, at any time during her marriage, to which she shall not have relinquished her right of dower, in the manner prescribed by law, to hold and enjoy during her natural life.

SEC. 316. WIDOW HAS RIGHT TO TRANSFER HER UNASSIGNED DOWER INTEREST—Any widow shall have the right to transfer and assign her unassigned dower interest in the real estate of which her husband died seized, * * *

\* \* \* \* \* \* \*

SEC. 328. LAND PASSING BY WILL HELD IN LIEU OF DOWER—If any testator shall, by will, pass any real estate to his wife, such devise shall be in lieu of dower out of the real estate of her husband whereof he died seized, or in which he had an interest at the time of his death, unless the testator, by his will, otherwise declared.

SEC. 329. RENUNCIATION OF WILL—In such case the wife shall not be endowed in any of the real estate whereof her husband died seized or in which he had an interest at the time of his death, unless she shall, by writing duly executed and acknowledged as in the case of deeds for land, and filed in the office of the court in which the will is probated and recorded within twelve months after the proof of the will, not accept the provisions made for her by said will. * * *

The net value of the interest in question was $33,270.75. Petitioners contend that, because the widow did not renounce the will as

provided in the statute quoted above, but elected to take under it, she therefore had no dower interest or statutory interest in lieu thereof in decedent's estate. Respondent urges the view that the widow's dower interest, which was inchoate but not defeasible by the husband during his life, became consummate at the instant the husband died and that when, thereafter, she elected to take under the will instead of under the statute, she purchased the benefits under the will.

In our opinion the respondent's contention is correct. By section 302 (b) of the Revenue Act of 1924 the value of a decedent's gross estate shall include the dower interest of the surviving spouse, and that right is not limited, as in section 302 (a), to only so much of decedent's estate as is subject to payment of charges, administration expenses, and to distribution. Under section 315 of the Missouri Statutes the widow had an indefeasible dower right in the land of which her husband died seized. At once upon the death of the husband that dower right became consummate, vesting in her a definite right of property. She was not obligated to retain that right, but might transfer it even before the dower to which she was entitled was assigned to her. In the present proceeding such a transfer, or what was equivalent thereto, took place when the widow accepted the provisions of her husband's will and failed to file a written renunciation thereof within the statutory period of twelve months. Several of the Circuit Courts of Appeal have held, in cases similar, that acceptance of an annuity in lieu of dower amounted to a purchase of such annuity by the relinquishment of dower. *Warner* v. *Walsh* (2d Cir.), 15 Fed. (2d) 367; *United States* v. *Bolster* (1st Cir.), 26 Fed. (2d) 760; *Allen* v. *Brandeis* (8th Cir.), 29 Fed. (2d) 363. In the latter case the court said that, as the dower interest " was her individual property on her husband's decease, and as she elected to take the annuity provided in his will, it is quite too clear for argument she was a purchaser for value of the annuities."

We conclude, therefore, that the widow of Philip A. McDermott became vested with a dower interest in the real estate owned by him at his death; and that the value of that interest, amounting to $33,270.75, should be included in the gross estate of the decedent for Federal estate-tax purposes.

In respect of the last question presented, it appears that decedent left insurance policies upon his life receivable by beneficiaries other than his estate, of the aggregate value of $86,942.79; that four of the policies, amounting in value to $19,228.91, were omitted by respondent in determining the total gross estate of the decedent. Respondent now contends that such omission was error on his part and asks that it be rectified.

Section 302 (g) of the Revenue Act of 1924 provides that there shall be included in the gross estate the amount of insurance upon decedent's life in excess of $40,000 which may be receivable by beneficiaries other than the estate; and paragraph (h) of that section makes paragraph (g) applicable to all cases arising either before or after that act was enacted. The date of enactment was June 2, 1924.

Each of the policies in question contained a provision reserving to the decedent the right, at any time, to change the beneficiaries thereof. That right was limited, however, by the Missouri Statutes, which provided that if a wife were named as beneficiary the husband could not change the beneficiary and name a creditor in place of the wife unless the wife gave her written consent.

Petitioner's argument is based upon the assumption that in the four policies in question decedent named his wife as beneficiary. There is nothing in the record before us to warrant such assumption. Nowhere in the evidence submitted is there any intimation as to who were the beneficiaries of those policies, except that they were other than decedent's estate. So far as the record discloses, decedent had full power to cancel the policies, or change the beneficiaries to whomsoever he chose. He thus had complete dominion and control over the policies at all times, and the fact that he may not have exercised his right to change beneficiaries can not in any way affect the situation. Upon the face of the record his right to change beneficiaries was not minified up to the very moment of his death. The case of *Lewellyn* v. *Frick, et al.*, 268 U. S. 238, which is relied upon by the petitioners, is not in point, for the basic principle of that decision is that a named beneficiary, under a policy which does *not* reserve to the insured a right to change beneficiaries, has a vested right which can not be taken away without consent. In the present proceeding the right to change beneficiaries was reserved to the insured, subject only to a statutory limitation which, so far as the record discloses, has no application here. Clearly, the value of the policies in question should be included in decedent's gross estate, for those policies formed a part of his life insurance in excess of $40,000. This principle has been asserted in many decisions. Cf. *Chase National Bank* v. *United States*, 278 U. S. 327; *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *Elizabeth W. Driver, Executrix*, 20 B. T. A. 910; *Louis M. Weiller et al., Executors*, 18 B. T. A. 1121; *Edwin S. Rauh, Executor*, 19 B. T. A. 993; *William A. Cushman et al., Executors*, 19 B. T. A. 1012; *Helena Liebes, Executrix*, 20 B. T. A. 731; and *H. T. Cook et al., Executors*, 23 B. T. A. 335.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

Seawell dissents.