RUTH McNUTT BROWN AND GEORGE L. NYE, AS EXECUTORS OF THE ESTATE OF DAVID R. C. BROWN, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67940.    Promulgated February 23, 1934.

*Lewis A. Dick, Esq.*, for the petitioners.
*Nathan Gammon, Esq.*, for the respondent.

1184

## OPINION.

Lansdon: The respondent has determined that the gift here in controversy was made in contemplation of death. The question is one of fact. *United States* v. *Wells*, 283 U.S. 102. The decedent made the transfer under review only a little more than two months before he died and at a time when he was much concerned as to his health. The weight of opinion, however, in such circumstances, is that neither the state of the donor's health nor the time between the gift and death are factors that conclusively determine the purpose of such a gift.

The facts appear to indicate quite clearly that the decedent made the gift in question as a part of the disposition of his property in the event of his death. After returning from California in March 1930 he was suffering from indigestion and other ailments. In that month he told his wife that he proposed to give her some stock of substantial value. On April 1 he went to a hospital for observation and remained there for three days. He returned to his home while still under the care of a physician. On April 10 he made the transfer here in question. On April 11 he made a new will disposing of his entire estate and on the same day went back to the hospital for further observation and treatment, where he remained for a period not disclosed by the evidence. On June 13, feeling less well than usual, he went to Aspen, his former home, and there he died on June 29. We think these circumstances indicate that the gift was made in contemplation of death and that it was in effect a testamentary disposition of a part of the donor's estate. *Edgar A. Igleheart et al., Executors*, 28 B.T.A. 888.

Petitioners contend the gift of April 10 was in keeping with the decedent's custom followed for many years for the purpose of providing his wife and children with independent means and incomes of their own. It is true that the decedent over a period of about 25 years made many substantial gifts to his wife and daughters, but, measured by his wealth, such gifts were no more than any generous man would make to a devoted wife and to daughters who were past their majority and anxious to establish homes and incomes in support thereof for themselves. On the evidence we affirm the determination of the respondent on this issue. *Kengel* v. *United States*, 57 Fed. (2d) 929.

During the administration of the decedent's estate, the executors thereof, who are the petitioners here, paid certain general property taxes to the State of Colorado and municipal subdivisions of the state, as set out in our findings of fact. Respondent has determined that such payments are not deductible from the taxable corpus of the estate as administrative expenses. This issue must be deter-

mined under the provisions of section 303 (a) (1) of the Revenue Act of 1926.[1]

The provisions of Regulations 70 [2] relied on by both parties do not conclusively answer the question here, but inferences therefrom seem to sustain the determination of the respondent. The items enumerated in the regulations are obviously expenses arising out of administration. This is not true of taxes, which accrue against property regardless of ownership and in this instance would have accrued in the same amount had the decedent been alive in the taxable year. It seems clear, therefore, that such taxes cannot be regarded as any part of the cost of administration.

---

[1] SEC. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property (except, in the case of a resident decedent, where such property is not situated in the United States), to the extent that such claims, mortgages, or indebtedness were incurred or contracted bona fide and for an adequate and full consideration in money or money's worth, losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, or from theft, when such losses are not compensated for by insurance or otherwise, and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes.

[2] ART. 37. *Taxes.*—The deduction of property taxes upon realty and personalty is governed by the following provisions:

(1) Where such taxes became a personal obligation of the decedent in his lifetime, the entire amount thereof is deductible. (See Art. 29.)

(2) Where assessed during the administration of the estate, and the taxes are a proper administration expense, deduction of the entire amount may be taken. (See Arts. 32 and 35.)

Federal taxes upon income received during the decedent's lifetime are deductible, but taxes upon income received after death are not deductible. No estate, succession, legacy, or inheritance tax is deductible.

ART. 32. *Administration expenses.*—The amounts deductible from the gross estate as "administration expenses" are such expenses as are actually and necessarily incurred in the administration of the estate; that is, in the collection of assets, payment of debts, and distribution among the persons entitled. The expenses contemplated in the law are such only as attend the settlement of an estate by the legal representative preliminary to the transfer of the property to individual beneficiaries or to a trustee, whether such trustee is the executor or some other person. Expenditures not essential to the proper settlement of the estate, but incurred for the individual benefit of the heirs, legatees, or divisees, may not be taken as deductions. Administration expenses include (1) executor's commissions; (2) attorney's fees; (3) miscellaneous expenses. Each of these classes is considered separately in Articles 33 to 35, inclusive.

ART. 35. *Miscellaneous administration expenses.*—This includes such expenses as court costs, surrogates' fees, accountants' fees, appraisers' fees, clerk hire, etc. Expenses necessarily incurred in preserving and distributing the estate are deductible, including the cost of storing or maintaining property of the estate, where it is impossible to effect immediate distribution to the beneficiaries. Expenses for preserving and caring for the property may not include additions or improvements; nor will such expenses be allowed for a longer period than the executor is required to retain the property. A brokerage fee for selling property of the estate is deductible where the sale is necessary in order to pay the decedent's debts, the expenses of administration, or to effect distribution. Other expenses attending the sale are deductible, such as the fees of an auctioneer, where it is reasonably necessary to employ one.

In *Hill* v. *Grissom*, 299 Fed. 641, in discussing a similar claim by an estate the court said:

It would seem clear that the ad valorem tax paid by the executors of the county and city of Durham do not come within the terms of "administrative expenses", nor are such taxes claimed against the estate, at the date of the death of the testator, prior to the date at which such are assessed and levied. Claims against the estate, as defined by a number of cases cited by the defendant, are such demands or claims of a pecuniary nature which could have been enforced against the decedent during his life.

In *Charles B. Shelton et al., Executors*, 3 B.T.A. 809, we held that taxes accrued before the date of the death of decedent and a lien on his property at that time should be deducted from the corpus for Federal income tax purposes. In the instant proceedings the taxes in question had not accrued when the estate came into existence and so were not a lien against any property thereof at that time.

Counsel for petitioner relies on certain provisions of the statutes of Colorado and decisions of the courts of that and other states. A study of such laws and decisions fails to convince us that they control here. It is nowhere held that the taxes accrued and paid during the period of administration are administrative expenses. What is uniformly held is that such taxes, together with other items which it is not necessary to discuss, are obligations of the estate and that when paid by the executors credit may be taken for the amount thereof in the final settlement. There is nothing in the record or in the authorities relied on by the petitioners that overcomes the presumption that the determination of the Commissioner is correct.

Reviewed by the Board.

*Decision will be entered for the respondent.*