30708.   ROBERSON *v.* CITY OF ROME.

DECIDED JANUARY 31, 1945.

*M. G. Hicks, J. F. Kelley,* for plaintiff in error.
*Lanham & Parker,* contra.

GARDNER, J. The assignments of error a, b, c, d, e, f, and g, all go to the general grounds contending that the evidence is insufficient to support the finding of the civil service board in dismissing the defendant as policeman. This court, in *McElreath* v. *Rome,* supra, decided that the evidence in the first trial was sufficient to sustain the finding of said board, and we make reference to that evidence here. In the instant case we have the additional evidence of the witness Copeland Earl, which we think materially strengthens the evidence against this accused, if indeed the evidence of the prior trial needed any bolstering. The evidence sustains the judgment of the fact-finding body.

It is alleged in paragraph 11 of the petition that: "Petitioner shows that there was not evidence adduced on the trial of said case showing that petitioner had been quilty of any conduct unbecoming an officer, nor any evidence showing that he had violated any rule promulgated and in force by either the civil service board of the City of Rome, the chief of police of the City of Rome, or any subordinate officer thereof." The answer of the civil service board is: "These defendants adopt as true and correct the petition filed in said case with the exception of the assignments of error which are not adopted but are certified and made a part of this answer." It is contended by counsel for Roberson that the answer adopts the allegations of the petition as true in fact. In our view this is not

a proper construction. The allegations of the petition are admitted by the answer as the true contentions of Roberson. The allegations of the petition are construed to be the mere conclusions of the applicant for certiorari. In *Southeastern Mutual Fire Ins. Co.* v. *Williams,* 29 *Ga. App.* 236 (3) (114 S. E. 716), this court· said: "Where a paragraph in a petition for certiorari sets forth certain facts as to the proceedings and evidence in the trial, and alleges that the verdict was contrary to law and the evidence, the mere adoption by the trial judge in his answer of 'the allegations of fact contained in' such paragraph cannot be taken as an admission of the alleged error; the general rule as well as the express language here limiting such an adoption by the trial judge of a paragraph in a certiorari petition merely to the facts set forth, and not including the conclusions of law or contentions of error."

■ Special assignment of error h complains of the overruling of a general demurrer to the notice of the trial, which was issued prior to the former hearing. In our opinion the notice was good as against a general demurrer. There is no cause for reversal under this assignment.

■ (a) The assignment of error in exceptions i of the petition is based upon paragraph 7 of the petition for certiorari as follows: "That petitioner, through his counsel, before trial and at the time said case was sounded, moved to dismiss and quash said charges and insisted that the board was without further jurisdiction to try or consider said matter, for the reason that the order of C. H. Porter, judge of the superior court of Floyd County, Georgia, overruling petitioner's certiorari in the prior trial had been reversed by the Court of Appeals of Georgia without direction, and that no order had been issued or granted by said judge remanding said case to the civil service board of Rome for rehearing or trial, and that no order had been taken on the remittitur from the Court of Appeals of Georgia making its judgment the judgment of the superior court of Floyd County, Georgia, for which reasons petitioner contended that said board had no further and was without jurisdiction." The assignment of error thereon is: "i. That the board erred in failing to sustain his motion to dismiss or quash said charges on the ground that said board was without jurisdiction to further consider or try said case." This assignment of error has given us considerable concern. It is clearly established that

when a petition for a writ of certiorari from an inferior court to the superior court is sanctioned and on the hearing the writ is denied, and a bill of exceptions is prosecuted to the appellate court, the inferior court or trial court is without jurisdiction to try the case again before the remittitur from the appellate court is "filed" in the office of the clerk of the superior court. As authority for this statement see *Hubbard* v. *McCrea,* 103 *Ga.* 680 (30 S. E. 628); *Knox* v. *State,* 113 *Ga.* 929 (39 S. E. 330); *Edwards* v. *State,* 125 *Ga.* 5 (53 S. E. 579). In the instant case, since it did not originate in the superior court, when the remittitur in the former judgment of this court reversing the judgment of the trial court was filed in the office of the clerk of the superior court of Floyd County the judge of the superior court of Floyd County should have remanded the case to the inferior judicatory after making the judgment of this court the judgment of the superior court of Floyd County, by virtue of the Code, § 19-501. Any retrial of this case after the judgment of the first trial had been reversed and before the inferior or trial court had been officially informed in the manner above pointed out, would be a mere nullity according to the principles set forth at length in *Knox* v. *State,* supra. (b) But so far as the instant case is concerned this court can not know from the record in this case whether the above procedure was complied with. We have quoted above, verbatim, the allegations of the petition for certiorari and the error assigned thereon. It clearly appears that the plaintiff in error made a motion ore tenus in the nature of a plea in abatement. His motion was "to dismiss and quash said charges" because the case had not been remanded to the tribunal in which it originated in compliance with the law, and his assignment of error is that the tribunal "erred in failing to sustain his motion to dismiss or quash said charges on the ground that said board was without jurisdiction to further consider or try said case." We know of no provisions of law which would authorize a court to dismiss and quash charges because a judgment in a former trial was pending on review in an appellate court. Moreover, there is no evidence at all in this record that the judge of the superior court had not remanded the case to the civil service board in accordance with the judgment of this court. The presumption is that he had done so, for it is elementary that officers are always presumed to do their duty. This presumption prevails unless

overcome by evidence. Hence it is that this assignment of error affords no cause for reversal.

■ Special ground j: It appears that between the time of the first trial of the defendant and the time of the second trial the grand jury had indicted the defendant for burglary in connection with the matter under consideration, and that the defendant was tried and acquitted. During the trial now under review counsel for the defendant interposed a motion "to dismiss and quash" the charges against the defendant because of such acquittal, since the charges for removing the defendant for conduct unbecoming an officer involved the same transaction for which he was acquitted in the superior court. There appears in the record a certificate of such indictment and acquittal. It is contended that the verdict of not guilty was "res adjudicata" as to the charges concerning his conduct unbecoming an officer. In our opinion the acquittal of the defendant on a burglary charge is no bar to the procedure in the instant case. The parties are not the same, the degree of proof required is not the same. Counsel for the plaintiff in error states in his argument: "We admit that the facts in a criminal case, even though the defendant has been acquitted, might furnish the basis for a civil judgment for damages on a trial in a civil court, however, we contend that more than the mere proof of the facts of a crime would be necessary. In the case at bar, no other facts or circumstances were offered, other than the facts submitted to a jury in the superior court of Floyd County, when the plaintiff in error was tried and found not guilty. We therefore urge that a new trial should be granted for that reason." With this reasoning we can not fully agree. We are in accord with counsel that an acquittal in a criminal case is no bar to a civil action. We have no way of knowing what evidence was introduced in the criminal trial in which this defendant was acquitted, nor have we any way of knowing just why he was acquitted. We do know from this record, however, that the evidence sustains the verdict of the civil service board.

■ Special ground k assigns error because the court admitted, over objection, testimony concerning the "burglary of Joe Miller's Grill." It will be seen from the notice served upon the defendant that he was being tried for his unbecoming conduct as a policeman "in connection with the burglary of Joe Miller's Grill." This

evidence was admissible under the specifications of the charges for which the defendant as a policeman was being tried by the civil service board of the City of Rome.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*