46256, 46257.   MAYOR &c. OF ATLANTA et al.
v. WILLIAMS; and vice versa.

PANNELL, Judge. This case is before this court on appeal by the Mayor & Aldermen of the City of Atlanta from a ruling by the judge of the superior court on certiorari sustaining the certiorari and remanding the case to the lower tribunal. This case was before this court in a prior appeal as a result of the overruling of a petition for certiorari in the Superior Court of Fulton County, and the overruling of the certiorari was reversed by this court. *Williams v. Mayor &c. of Atlanta,* 118 Ga. App. 271 (163 SE2d 239). The case in both instances involves the conviction of a police officer on charges of violating certain police rules, which resulted in his dismissal. It appears without dispute from the allegations of, and the answer filed to, the petition for certiorari in the present appeal that when the case was here before and was reversed by this court, the judgment of this court was made the judgment of the superior court, but the superior court did not enter an order remanding the case to the lower tribunal. With this condition existing, the present case was tried by the lower tribunal which found the police officer guilty of the charges and again dismissed him. The main appeal to this court in the present case is by the Mayor & Aldermen of the City of Atlanta from the order of the judge of the superior court sustaining the petition for certiorari on certain grounds. The police officer filed a cross appeal complaining among other things of the trial without remand, which complaint was overruled by the lower tribunal and the superior court. *Held:*

Since the present case "did not originate in the superior court, when the remittitur in the former judgment of this court reversing the judgment of the trial court was filed in the office of the clerk of the superior court . . . the judge of the superior court . . . should have remanded the case to the inferior judicatory after making the judgment of this court the judgment of the superior court . . . by virtue of the *Code,* § 19-501. Any retrial of this case after the judgment of the first trial had been reversed and before the inferior or trial court had been

officially informed in the matter above pointed out, would be a mere nullity." *Roberson v. City of Rome,* 72 Ga. App. 55, 59 (33 SE2d 33). See also *Edwards v. State,* 125 Ga. 5 (53 SE 579). Accordingly, since all further proceedings were nugatory, the judgment of the judge of the superior court sustaining the certiorari for the reasons given by him is ordered vacated with direction that an order be entered by him remanding the case to the lower tribunal for trial in accordance with this opinion.

*Judgment in main appeal affirmed with direction; cross appeal reversed. Bell, C. J., and Deen, J., concur.*

ARGUED JUNE 1, 1971—DECIDED OCTOBER 22, 1971—
REHEARING DENIED NOVEMBER 8, 1971—

*Henry L. Bowden, John E. Dougherty,* for appellants.
*Beryl H. Weiner, Roy J. Leite, Jr.,* for appellee.